BLANCHE M. CORUBIA *v*. BEVERLY BAKER ET AL.

SUPERIOR COURT       NEW HAVEN COUNTY       FILE No. 37898
AT WATERBURY

Memorandum filed November 15, 1974

*Perelmutter & Cohen,* of Seymour, for the plaintiff.

*Joseph D. Garrison* and *Bruce A. Morrison,* both of New Haven, for the named defendant.

BRACKEN, J. The defendant Beverly Baker has moved that she be allowed to take the depositions of the plaintiff and the codefendant Canute Dallas by other than stenographic means and, as reasons therefor, states (1) that she is indigent and cannot afford to pay a stenographer, and (2) that she would be deprived of her rights if she is unable to so take the depositions.

The codefendant Canute Dallas is named in the complaint as a resident of Brooklyn, New York. Although the action was returnable on the fourth Tuesday of May, 1973, Dallas has, to date, failed to appear.

Beverly Baker has submitted a tentative order covering her proposal which reads as follows: "Ordered: that the defendant, Beverly Baker, may take the depositions herein requested by other than stenographic means, and it is further ordered: that the following procedure shall be adopted for the tak-

ing of said depositions: 1. A cassette tape recorder shall be used for the recording and preservation of depositions. 2. The witness shall be sworn by a neutral officer or by a person stipulated by the parties. Said officer or person shall be present during the entire proceedings. 3. The testimony shall be transcribed by an agent of plaintiff's counsel within three weeks. 4. The cassette tape shall be preserved and made available to the deponent. 5. The tape shall be preserved after transcription and filed in the office of the Clerk of the Court no later than forty (40) days after the deposition is taken. 6. The original transcript shall be provided to the person deposed, at the expense of the plaintiffs, for bona fide correction and signature before it is filed with the Clerk of the Court."

The pertinent sections of the General Statutes and the Practice Book are quoted in the footnote.[1]

[1] "Sec. 52-148. DEPOSITIONS IN CIVIL ACTIONS AND PROBATE PROCEEDINGS. If any witness or party in a civil action . . . lives out of the state . . . his deposition may be taken by a judge or clerk of any court, justice of the peace, notary public or commissioner of the superior court . . . . Depositions may be taken in any other state or country by a notary public, a commissioner appointed by the governor of this state or any magistrate having power to administer oaths . . . . All witnesses or parties giving depositions shall . . . subscribe their depositions, and make oath before the authority taking the same, who shall attest the same and certify whether or not each adverse party or his agent was present, and whether or not he was notified, and shall also certify the reason of taking such deposition, seal it, direct it to the court where it is to be used and deliver it if desired to the party at whose request it was taken. . . ."

"Sec. 52-150. INTERESTED PERSONS NOT TO WRITE DEPOSITIONS. Any deposition written, drawn up or dictated by the party, his attorney or any person interested, or returned to court unsealed, or with the seal broken, may be rejected by the court."

"[Practice Book] Sec. 185. ——DEPOSITIONS OF PARTIES. In addition to any other provisions for disclosure or the taking of a deposition, any party . . . may, . . . in accordance with the procedure provided in the General Statutes for the taking of depositions, take . . . the deposition of any other party . . . . The expense thereof, including a copy for each adverse party, but excluding attorneys' fees, shall be paid by the party taking the deposition. . . ."

While the court is completely sympathetic to Beverly Baker's request for the deposition to be taken by a tape recording device, it is at once apparent that the motion, if granted, would violate several provisions of the General Statutes and the Practice Book, particularly with reference to (1) the person who would take the deposition, (2) the person who would transcribe the testimony, and (3) the person who would sustain the expense of the deposition, including the cost of furnishing, to other parties, copies of the transcription.

While it is true that the rule-making power governing practice and procedure in the Superior Court is vested in the judges of the Superior Court; *Heiberger* v. *Clark,* 148 Conn. 177, 185; *State Bar Assn.* v. *Connecticut Bank & Trust Co.,* 145 Conn. 222, 232; *Stanley* v. *Hartford,* 140 Conn. 643; *In re Appeal of Dattilo,* 136 Conn. 488, 492; nevertheless this does not mean that one judge can change or modify the rules depending on the exigencies of the particular case before him.

Obviously this is not the first case in which one of the parties has claimed to be indigent, and it is further evident that the present situation is of long standing. In addition to several other readily apparent solutions, application to the rules committee of the Superior Court could be made for a possible change in the rules to cover the claimed inequity.

The defendant Beverly Baker's motion is denied.