[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR VIDEO CONFERENCING DEPOSITION
The issue presented in this case is whether the court should grant or dent the plaintiff's motion to hold a "video conferencing" deposition.
In his complaint the plaintiff, Howard Eldridge, Jr., alleges that on September 17, 1995, he was operating a vehicle owned by his employer, Southern New England Telecommunications (SNET), and that he was involved in a motor vehicle collision with Darin Wayne Pratt, who was operating a vehicle owned by Cynthia White. The plaintiff alleges that neither Pratt nor White was insured.
As a result of the collision, the plaintiff alleges that he sustained an injury to his back and continues to suffer considerable pain. The plaintiff has incurred considerable expense in seeking medical treatment and may continue to incur said expense. Additionally, the plaintiff has had his normal activities impaired, has lost time from work and has diminished earning capacity. CT Page 3648
On November 12, 1997, the plaintiff filed a three count complaint against defendants, Zurich American Insurance Company of Illinois (Zurich), Hartford Fire Insurance Company (Hartford) and SNET. In counts one and three, the plaintiff brings claims against Zurich and Hartford respectively, alleging that pursuant to his uninsured motorist contracts with them, they are legally obligated to him for all bodily injuries and losses sustained in the motor vehicle accident. In count two, the plaintiff brings a claim against SNET asserting that because he "was driving a vehicle self insured by his employer, SNET, . . . SNET is legally obligated to [him] for all bodily injuries and losses sustained by him as a consequence of the aforesaid collision of November 17, 1995."
The parties defendant have filed their respective answers.
By request for admissions and accompanying affidavits of Darin Wayne Pratt and Cynthia White Pratt,[1] dated March 13, 1998, the plaintiff requested: (1) that the defendants admit the truth and accuracy of the Darin Wayne Pratt affidavit; (2) that the defendants admit the truth and accuracy of the Cynthia E. White Pratt affidavit; (3) that the defendants admit that Darin Wayne Pratt was uninsured at the time of the accident; (4) that the defendants admit that Cynthia White Pratt owned the subject vehicle on November 17, 1995; (5) that the defendants admit that Darin Wayne Pratt operated the subject vehicle and operated it without insurance on November 17, 1995; (6) that the defendants admit that Cynthia White. Pratt did not have automobile insurance coverage on the subject vehicle on November 17, 1995; and (7) that the defendants admit that Cynthia White Pratt was not insured under an automobile policy that would provide coverage for the accident occurring on November 17, 1995.
Defendant Hartford has filed an objection to the plaintiff's request for admissions, arguing that the plaintiff essentially seeks an admission that Darin Wayne Pratt was uninsured and that said admission is inappropriate for a request for admission. Hartford concludes that "asking the Defendant to admit that Mr. Pratt was uninsured is like asking the Defendant to admit all the allegations in the Plaintiff's complaint. That's what pleadings (Complaint and Answer) are for."
Defendant SNET has filed an objection to the plaintiff's request for admissions. With respect to the plaintiff's request for admissions (1-3) and (5-7), SNET averred that it was not in a CT Page 3649 position to admit or deny. With respect to the plaintiff's request for admission (4), SNET admitted that Cynthia White Pratt was the owner of the subject vehicle.
The plaintiff has filed a motion for permission to hold a video deposition. The plaintiff argues that because his attempts by affidavit and requests to admit have been unsuccessful at having the defendants admit that Darin Wayne Pratt and Cynthia E. White Pratt are uninsured, a video conferencing deposition would provide the least costly means of deposing the Pratts inasmuch as they reside in Virginia. The plaintiff proposes that the Pratts appear at a location in Virginia, while the plaintiff's and defendants' counsel, as well as the court reporter, appear at a location in Connecticut. The deponents, the Pratts, would be viewed on a monitor by counsel, while counsel would likewise be viewed by the Pratts by monitor.
Defendant Hartford has filed an objection to the plaintiff's motion for permission to hold a video deposition, arguing that there is no provision in the Connecticut Practice Book for deposition by "video conferencing." In addition, Hartford argues that a video conferencing deposition would permit an abuse of the Court Rules inasmuch as it would be possible for a third party, who is off camera, to supply deponent Pratts with answer. Hartford also argues that it would be deprived of the benefit of a "face to face" examination of the deponents. Hartford additionally argues that the deponents can either travel to Connecticut or counsel can travel to Virginia for the deposition. Defendants Zurich and SNET have filed an objection to the plaintiff's motion for permission to hold a video deposition. They argue that General Statutes § 52-148d[2] requires examining counsel to be present with deponents at the time of the deposition.
In his reply to the objections to its motion for permission to hold video deposition, the plaintiff argues first that General Statutes § 52-148d does not require counsel to be present at the time of the deposition; and second, that should defense counsel wish to be present with the deponents, they are free to travel to Virginia.
At oral argument on this motion before the court, the plaintiff corrected the misstatement in its motion that the court reporter would be in Connecticut. At oral argument, the plaintiff made clear that the court reporter would be in Virginia with the CT Page 3650 deponents to take their oath and their testimony.
At oral argument, the defendants additionally argued that Practice Book § 13-30 envisions "live direct and [live] cross-examination." The defendants also argued that Practice Book § 13-32 provides that changes to deposition procedure may be made only by stipulation. The defendants asserted that they would not stipulate to the proposed "video conferencing" procedure.
1. Practice Book Rules: Creation
"The rules of practice for the Superior Court are adopted by the judges of the Superior Court in the exercise of their inherent rule-making authority." Fattibene v. Kealey,18 Conn. App. 344, 356, 558 A.2d 677 (1989). "General Statutes § 51-14a (a) codifies this inherent authority and General Statutes § 51-14a (c) and Practice Book § 7, [now Practice Book (1998 Rev.) § 1-9] provide the procedure for the promulgation and adoption of those rules. These procedures include notice, public hearings and publication in the Connecticut Law Journal."Pamela B. v. Ment, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 556127, (February 13, 1997, Wagner, J.T.R.) (19 Conn. L. Rptr. 25, 26), rev'd on other grounds, 244 Conn. 296, 709 A.2d 1089 (1998).
"Accordingly, no single judge has the authority to make a rule or change one; and the exercise of this power requires not only the necessary consultation and consent of the judges but, in the case of the Circuit Court[3] rules, notice, public hearing, and publication as well." Id. See also Fattibene v. Kealey,
supra, 18 Conn. App. 356 (noting Practice Book § 7, now Practice Book (1998 Rev.) § 1-9 and holding that there is "no authoity permitting an individual judge or judicial district simply to adopt a particular rule of federal civil procedure" for use in our state court system
2. Practice Book Rules: Depositions
Chapter 13 of the Connecticut Practice Book defines the scope and procedure for depositions as follows. Any party who has appeared in a civil action may, at any time after the commencement of the action, take testimony of any person by deposition upon oral examination. Practice Book § 13-27. A deposition is to be taken in Connecticut before a judge or clerk of any court, notary public or commissioner of the superior court CT Page 3651 § 13-28. In any other state, deposition testimony is to be taken "before a notary public . . . a commissioner appointed by the governor of that state, any magistrate having power to administer oaths . . . or a person commissioned by the court before which such action or proceeding is pending. . . ." Id. "The primary purpose of deposition . . . is discovery." Sanderson v. SteveSnyder Enterprises. Inc., 196 Conn. 134, 139, 491, A.2d 389 (1985).
Practice Book § 13-29(d) governs the place at which depositions for nonparty deponents are to be taken. A nonparty deponent "may be compelled by subpoena served within this state to give a deposition at a place within the county of his or her residence or within thirty miles of the nonparty deponents residence, or if a nonresident of this state within any county in this state in which he or she is personally served, or at such other place as is fixed by order of the judicial authority." Id.
Practice Book § 13-30 governs deposition procedure and provides as follows. "Examination and cross-examination of deponents may proceed as permitted at trial. The officer before whom the deposition is to be taken shall put the deponent on oath and shall personally, or by someone acting under the officers direction, record the testimony of the deponent. The testimony shall be taken stenographically or recorded by any other means ordered in accordance with Section 13-27 (f)."[4] Practice Book § 13-27(f) provides that "[t]he judicial authority may upon motion order that the testimony at a deposition be recorded by other than stenographic means such as by videotape, in which event the order shall designate the manner of recording, preserving, and filing the deposition, and may include other provisions to assure that the recorded testimony will be accurate and trustworthy."[5]
3. Cases Construing Deposition by Other than StenographicMeans
While no Connecticut court has addressed the precise question of whether a party may take deposition testimony of witnesses via video conferencing, courts which have been presented with motions to take depositions by other than stenographic means, have disapproved proposed methods which do not comply with the safeguards undergirding established rules of discovery.
In Presnick v. City Point Construction Co., Superior Court, CT Page 3652 judicial district of New Haven at New Haven, Docket No. 116946, (March 21, 1979, Healey, J.) (5 Conn. L. Trib. 25, 11, 12), the court denied, without prejudice the plaintiff's motion to depose the defendant "by other than stenographic means pursuant to Practice Book § 186(e), [now Practice Book (1998 Rev.) § 13-27 (f)]." In reaching its decision, the court noted that the drafters of § 186(e) appeared to have drawn heavily upon Rule 30(b)(4) of the Federal Rules of Civil Procedure. Id., 11. Accordingly, the court decided that federal cases decided under the rule were of assistance in passing upon the motion before it. It cited with approval, Kallen v. Nexus Corp., 54 F.R.D. 610, 614
(N.D. Ill., 1972), which ruled that "[a] non-stenographic recording should provide a quality of recording which is at least as high as that provided by a court reporter." The judge inPresnick also cited Jarosiewicz v. Conlisk, 60 F.R.D. 121, 125
(N.D. Ill. 1973) in which the court emphasized that a plaintiff who files a Rule 30(b)(4) motion "will be expected to attempt to fashion a realistic and practical method and procedure for recording the desired depositions which would be reasonably acceptable to defendants."
While then Judge and now retired Justice Healey stated inPresnick that he was aware of the potential of § 186(e), now Practice Book (1998 Rev.) § 13-27 (f), for making a "significant contribution to the efficient and economic administration of justice," he also said that ". . . the moving party had the responsibility to lay before the court concrete suggestions as to methods, procedures and safeguards to assist the court in fashioning an order that [would] give effect to assuring that the recorded testimony [would] be accurate and trustworthy." (Internal quotation marks omitted.) Presnick,
supra, Superior Court Docket No. 116946. Because the movant had failed to provide the court with the requisite information, the court denied the motion, but without prejudice so that the plaintiff could submit a renewed motion with appropriate guidance to the court for fashioning an order.
In Corubia v. Baker, 31 Conn. Sup. 289, 291, 329 A.2d 367
(1974), the court denied the defendants motion to take deposition testimony by other than stenographic means in spite of the fact that she was indigent and could not afford to pay a stenographer. The defendant proposed to take deposition testimony from the plaintiff and a codefendant by tape recording. While the court declared itself sympathetic to the defendant's request, it recognized that several of the defendants proposed deposition CT Page 3653 procedures were violative of several Practice Book and General Statutes provisions. Specifically, the defendant proposed (1) that the deposition would be taken by a neutral officer or person stipulated to by the parties; (2) that the testimony be transcribed by an agent of plaintiff's counsel; and (3) that plaintiff would sustain the cost of the deposition. In denying the defendant's motion, the court reasoned that "while it is true that the rule-making power governing practice and procedure in the Superior Court is vested in the judges of the Superior Court . . . nevertheless, this does not mean that one judge can change or modify the rules depending on the exigencies of the particular case before him. "[6] Id., 291.[7]
As a threshold matter, the methodology which the plaintiff proposes for taking the depositions of the Pratts is properly described as a video conferencing deposition, rather than a video deposition. A Video deposition contemplates that the testimony of the deponent be videotaped in the presence of both parties and their respective attorneys, a court reporter and sometimes the trial judge.[8] By contrast, the plaintiff proposes that the plaintiff's counsel would conduct its part of the deposition from Connecticut while the deponents would be present in Virginia with the court reporter who would administer the oath. The deponent Pratts would be viewed on a monitor by counsel, while counsel would likewise be viewed by the Pratts by monitor.
The plaintiff's motion to hold a video conferencing deposition is denied because such methodology would constitutes a change or modification of Practice Book § 13-27(f) which provides for recording the testimony at a deposition . . . by other than a stenographic means, such as by videotape. . . ." The Connecticut rules of court, codified in the Practice Book, do not contemplate a deposition by videoconferencing.
Clarance J. Jones, Judge