T.C. Memo. 2016-213

UNITED STATES TAX COURT

ROGER L. LINGREN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17459-15.                               Filed November 22, 2016.

Roger L. Lingren, pro se.

Tyson R. Smith, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, Judge:  Respondent determined a $2,605 deficiency in petitioner's 2012 Federal income tax.  The issue for decision is whether petitioner is entitled to certain claimed business expense deductions.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 2012, and all Rule references are to the Tax Court

(continued...)

[*2]                          FINDINGS OF FACT

In 2012 petitioner, a retired probation officer living in the San Francisco Bay area, produced acrylic paintings, selling some at local studios.

Petitioner and his then wife, who is also an artist, had taken one or two art classes taught at a local college by Diane Olivier. At some point Ms. Olivier organized an art class in the South of France; students were to stay in a chalet and travel to various locations to paint with pastels. In 2012 petitioner and his then-wife traveled to France, via Barcelona, for Ms. Olivier's class, accompanied by the wife's adult daughter. Their trip lasted three weeks, with 10 days devoted to the art class.

Petitioner timely filed his 2012 Federal income tax return, attaching a Schedule C, Profit or Loss From Business, for a business described as "ART DEALERS". This Schedule C reported gross receipts of $1,329 and total expenses of $18,498, resulting in a net loss of $17,169. The Schedule C indicated that petitioner used the cash method of accounting.

In the notice of deficiency respondent disallowed certain of petitioner's claimed Schedule C expense deductions, specifically $3,141 for "Travel" and

---

[1](...continued)
Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[*3] $5,356 for "Car and Truck Expenses".[2]  Petitioner, while residing in California, timely petitioned the Court.

OPINION

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Petitioner does not contend, and the evidence does not establish, that the burden of proof shifts to respondent under section 7491(a) as to any issue of fact.

Section 162(a) allows the deduction of "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  An expense is ordinary if it is customary or usual within a particular trade, business, or industry or relates to a transaction "of common or frequent occurrence in the type of business involved."  Deputy v. du Pont, 308 U.S. 488, 495 (1940).  An expense is necessary if it is appropriate and helpful for the development of the business.  Commissioner v. Heininger, 320 U.S. 467, 471 (1943).  Personal, living, or family expenses are generally not deductible.  Sec. 262.

---

[2]Certain computational adjustments that follow from these determinations are not in controversy, and we do not address them.

**[*4]**  Deductions are a matter of legislative grace; the taxpayer bears the burden of substantiating expenses underlying his claimed deductions by keeping and producing records sufficient to enable the Commissioner to determine the correct tax liability.  Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), (e), Income Tax Regs.  Section 274(d) imposes more rigorous substantiation requirements for certain expenses, including those pertaining to travel and passenger automobiles.  Expenses subject to section 274(d) must be substantiated; they cannot be estimated.  See Sanford v. Commissioner, 50 T.C. 823, 828 (1968), aff'd, 412 F.2d 201 (2d Cir. 1969).

I.    Travel Expenses

To deduct travel expenses, a taxpayer must substantiate with adequate records or by sufficient evidence corroborating his own statement:  (1) the "[a]mount of each separate expenditure for traveling away from home * * * except that the daily cost of the traveler's own breakfast, lunch, and dinner and of expenditures incidental to such travel may be aggregated, if set forth in reasonable categories, such as for meals, for gasoline and oil, and for taxi fares"; (2) "[d]ates of departure and return for each trip away from home, and number of days away from home spent on business"; (3) "[d]estinations or locality of travel, described by name of city or town or other similar designation"; and (4) the "[b]usiness

[*5] reason for travel or nature of the business benefit derived or expected to be derived as a result of travel." Sec. 274(d); sec. 1.274-5T(b)(2), (c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46014, 46016 (Nov. 6, 1985).

Although petitioner claimed a travel expense deduction of $3,141 in his Schedule C, at trial he claimed a greater travel expense deduction as indicated on this list he provided:

| Item | Amount |
|------|--------|
| Lodging, meals, class | $2,634 |
| Air travel | 1,100 |
| Car rental | 597 |
| Car insurance | 103 |
| Fuel | 90 |
| Art supplies used during trip | 375 |
| Total | 4,899 |

Petitioner provided no supporting evidence, apart from his vague and general testimony, of the claimed expenditures for air travel, car rental, car insurance, fuel, or art supplies purportedly used during the trip.[3] To substantiate the expenditures claimed for "lodging, meals, class", petitioner offered an email, dated November 17, 2015, from Ms. Olivier stating that the cost of the class had been $7,903 for three people sharing one suite ($7,903 divided by three equals the

---

[3]On his Schedule C petitioner separately claimed a $2,559 deduction for "Supplies".  Respondent allowed that deduction in full.

**[\*6]** $2,634 included in petitioner's list of travel expenses). Petitioner also provided a bank statement showing that a payment of $7,903 was made to Ms. Olivier on December 20, 2011. This bank statement is unhelpful to petitioner. For a cash method taxpayer, expenditures are to be deducted for the taxable year in which actually made. Sec. 1.446-1(c)(1)(i), Income Tax Regs. Because the evidence shows that petitioner made this expenditure in 2011, this is reason enough to disallow its deduction for 2012.

In short, petitioner's claimed deduction for travel expenses fails for want of substantiation as to the amount and timing of the expenditures. Consequently, we need not consider respondent's arguments that the claimed deduction also fails because petitioner has not shown that the expenses were reasonable and necessary in the pursuit of his business and because of the restrictions of section 274(c)(1) and (h) relating to foreign travel.

II.    Passenger Automobile Expenses

To obtain a deduction for expenses related to the use of a passenger automobile, a taxpayer must substantiate with adequate records or by sufficient evidence corroborating his own statement: (1) the "amount of each separate expenditure" with respect to the passenger automobile; (2) the "amount of each business/investment use * * * based on the appropriate measure (i.e., mileage for

[*7] automobiles * * * ), and the total use of the * * * [passenger automobile] for the taxable period"; (3) the "[d]ate of the expenditure or use" with respect to the passenger automobile; and (4) the "business purpose for an expenditure or use" with respect to the passenger automobile. Secs. 274(d), 280F(d)(4); sec. 1.274-5T(b)(6) and (c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Alternatively, a taxpayer may calculate his deductible passenger automobile expenses by multiplying his business miles by the standard mileage rate for the year and then adding allowable tolls and parking fees. Under this alternative method, however, the taxpayer is not relieved of the requirement to substantiate the amount of each business use (i.e., the business mileage) or the time and business purpose of each use. Sec. 1.274-5(j)(2), Income Tax Regs. The standard mileage rate for 2012 was 55.5 cents per mile. Notice 2012-1, sec. 2, 2012-2 I.R.B. 260, 260. Consequently, substantiation of miles and business purpose is a prerequisite to claiming a deduction. This prerequisite applies regardless of whether petitioner meant to claim his actual automobile expenses for 2012 or use the alternative standard mileage rate method.

**[*8]**   Although petitioner claimed a passenger automobile expense deduction of $5,356 on his Schedule C, at trial he claimed a greater passenger automobile expense deduction, as indicated on this list he provided:

| Item | Amount |
| --- | --- |
| Car purchase | $4,800 |
| DMV fee | 423 |
| Repairs | 3,248 |
| Insurance | 698 |
| Gas | 1,500 |
| Cleaning | 350 |
| Parking | 450 |
| Total | 11,469 |

Petitioner failed to adequately substantiate the amounts of most of these expenditures.[4]   And for all the expenditures, he failed to substantiate the other required elements of business purpose.  In particular, having failed to produce a logbook or other records to corroborate his statements, he failed to substantiate the business use of his automobile based on miles driven, total miles driven in 2012, dates of travel, or business purpose of trips.  Consequently, he is not entitled to the claimed deduction for the automobile and related expenses.

_____

[4]Petitioner submitted inadequate supporting documentation for the amounts for the car purchase, insurance, gas, cleaning, or parking.  Petitioner provided a series of invoices for car repairs in 2012 totaling $3,526, but he provided payment receipts for only $1,695 of these expenses.

**[*9]**   To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.