NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 4 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT A. WHITTINGTON, <br><br> Petitioner-Appellant, <br><br> v. <br><br> COMMISSIONER OF INTERNAL REVENUE, <br><br> Respondent-Appellee. | Nos. 16-70199 <br>      16-70200 <br><br> Tax Ct. Nos. 2060-13 <br>      11096-14 <br><br> MEMORANDUM[*] |

Appeals from Decisions of the
United States Tax Court

Submitted September 26, 2017[**]

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

In these consolidated appeals, Scott A. Whittington appeals pro se from the

Tax Court's decision, after a bench trial, upholding the Commissioner of Internal

Revenue's determination of income tax deficiencies and additions for tax years

2006 through 2011. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Whittington's requests for oral argument, set forth in his opening and reply briefs, are denied.

review de novo the Tax Court's legal conclusions and for clear error its factual determinations. *Hardy v. Comm'r*, 181 F.3d 1002, 1004 (9th Cir. 1999). We affirm.

The Tax Court properly upheld the Commissioner's revised deficiency determination because the Commissioner presented "some substantive evidence" that Whittington failed to report income and Whittington did not submit any relevant evidence "showing that the deficiency was arbitrary or erroneous." *Id.* at 1004-05.

The Tax Court properly upheld the Commissioner's additions to taxes for Whittington's failure to file a required tax return, to pay taxes as set forth in substitute for returns, and to pay estimated taxes. *See* 26 U.S.C. §§ 6651(a)(1), 6651(a)(2), 6654(a); *see also id.* § 6020(b)(2) (any substitute for return "made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes"); *id.* § 6651(g)(2) (any return made by the Secretary under § 6020(b) "shall be treated as the return filed by the taxpayer for purposes of determining the amount of the addition" under § 6651(a)(2)).

We reject as meritless Whittington's contentions that the Tax Court erred in relying on substitute for returns, admitting evidence, and that he was denied due process.

**AFFIRMED.**

16-70199