T.C. Memo. 2018-63

UNITED STATES TAX COURT

HARLAN WAX AND DEBORAH J. WAX, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7326-17.                                  Filed May 10, 2018.

Harlan Wax and Deborah J. Wax, pro se.

<u>Shari A. Salu</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a $258,900 deficiency, a

$12,427.20 section 6651(a)(1) late filing addition to tax, and a $51,780 section

6662(a) accuracy-related penalty with respect to petitioners' Federal income tax

for 2014.  After concessions, the issues for decision are whether payments on

behalf of petitioners' children and other reported expenses are deductible as

**[*2]** expenses of a business operated by Deborah J. Wax (petitioner) and whether petitioners are liable for the section 6662(a) penalty. All section references are to the Internal Revenue Code in effect for 2014, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Virginia when they filed their petition. Beginning in 1993 and during 2014, petitioner operated a consulting business known as HYOD Enterprises, which provided services to various Federal agencies through contract labor. Petitioner paid $482,284 to four persons as contract labor expenses in 2014.

During 2014, two of petitioners' children, a son and a daughter, were full-time college students in Florida. Petitioners paid for tuition and related educational expenses, housing, automobiles, meals, entertainment, and substantially all other expenses of those students. Many of the expenses were paid by the students' use of petitioners' credit card. The students performed various services relating to petitioner's business, including graphic design services, administrative services, and delivery services. (In their pretrial memorandum, petitioners asserted that she also employed their 28-year-old child during 2014.)

[*3]  Petitioners reported the income and expenses of HYOD Enterprises on Schedule C, Profit or Loss From Business, attached to their joint Federal income tax return for 2014.  They reported $710,027 in gross receipts, $712,487 for business expenses, including the contract labor expenses, and $13,654 for business use of their home.  Petitioners claimed the student son and daughter as dependents on their return.  They also claimed an education credit and deducted education expenses for their daughter.  Petitioners prepared their own 2014 return and filed it on or after November 17, 2015.

The notice of deficiency disallowed $643,915 in Schedule C expense deductions, including the contract labor expenses that respondent has now conceded.  Remaining in dispute are $60,516.49 for expenses relating to four or five family vehicles; $20,981.57 in travel expenses, including travel to and from Florida and Jamaica and monthly dry cleaning bills; 50% of $84,124.47 of meals and entertainment expenses that included $36,233.59 for "employee morale"; and smaller amounts for advertising, commissions, and fees.  The "employee morale" items included payments for clothing, shoes, "FUN*FUNIMATION.COM", LA Fitness, Le Shoppe for Hair, Hollywood Tans, Red Door Spa, Ticketfly, and $15,159 for Miami International University of Art and Design.  Food and beverage amounts reported included purchases at grocery stores and an alcoholic beverage

**[*4]** store, as well as at fast food and upscale restaurants in the Washington, D.C., area, Florida, and Jamaica.

On November 22, 2016, the group manager for the Internal Revenue Service examiner executed a Civil Penalty Approval Form approving the section 6662(a) and (b)(2) substantial understatement of income tax penalty that was determined in the notice of deficiency sent January 3, 2017.

OPINION

Section 162(a) allows as a deduction "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". An expense is ordinary if it is normal, usual, or customary in the taxpayer's trade or business, and it is necessary if appropriate or helpful for such business. See Deputy v. du Pont, 308 U.S. 488, 495 (1940); see also Lingren v. Commissioner, T.C. Memo. 2016-213. Taxpayers are required to maintain sufficient records to establish the amount and purpose of any deduction. Sec. 6001; Higbee v. Commissioner, 116 T.C. 438, 440 (2001); sec. 1.6001-1(a), (e), Income Tax Regs. The taxpayer has the burden of proving entitlement to his or her deductions claimed. See New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Rockwell v. Commissioner, 512 F.2d 882, 886 (9th Cir. 1975), aff'g T.C. Memo. 1972-133. Certain expenses are subject to the heightened substantiation

**[*5]** requirements of section 274(d). Personal, living, and family expenses are not deductible. Sec. 262(a).

Petitioner's Evidence

The disputed amounts listed in our findings are taken from the notice of deficiency, the pretrial memoranda of the parties, and the summaries petitioners submitted at trial. Petitioners produced no original records, such as invoices, canceled checks, or logs, to substantiate the business purpose of the amounts reported. They failed to satisfy any of the heightened substantiation standards of section 274(d) with respect to auto expenses, travel expenses, and meals and entertainment. They produced no corroborating witnesses or contemporaneous documents.

Petitioner's testimony that all of the items in dispute were business expenses is tainted by far-fetched rationalizations and is improbable, implausible, and unreliable. We are not required to accept such testimony. See Geiger v. Commissioner, 440 F.2d 688, 689-690 (9th Cir. 1971), aff'g T.C. Memo. 1969-159; Shea v.Commissioner, 112 T.C. 183, 189 (1999). "A taxpayer's general statement that his or her expenses were incurred in pursuit of a trade or business is not sufficient to establish that the expenses had a reasonably direct relationship to

**[*6]** any such trade or business." <u>Hopkins v. Commissioner</u>, T.C. Memo. 2005-49, slip op. at 16.

Petitioner testified that after reading IRS Publication 334, Tax Guide for Small Business, she came up with the idea of paying her children to perform services, including business development, as an indirect expense of her business. She testified that "I had an agreement with them that * * * in exchange for providing them a place to live and, yes, some of their personal expenses and their educational expenses, that they would work as an administrative capacity supporting myself in the small business. And that is the majority of these." The items paid for included a townhouse and vehicles in Florida and apparently all of the students' meals, clothing, travel, and entertainment--if the list in petitioner's summary is accurate.

Although petitioner denied deducting all of her student children's living, education, and entertainment expenses, without detail as to the summarized expenses it is impossible to separate personal expenses from business expenses, if any, or to see what portion of total family expenses, beyond the 50% reduction of $42,062.24 for meals and entertainment, petitioner deducted on Schedule C. Considering the types of items that were listed and deducted, we do not believe that petitioners' representations are reliable.

**[*7]**  Where a family relationship is involved, close scrutiny is applied to determine whether payments to or on behalf of a taxpayer's children are on account of an employment relationship or the family relationship and whether the amounts paid are reasonable for the work performed.  Denman v. Commissioner, 48 T.C. 439 (1967); see Haeder v. Commissioner, T.C. Memo. 2001-7; Jenkins v. Commissioner, T. C. Memo. 1988-292, aff'd without published opinion, 880 F.2d 414 (6th Cir. 1989).

Petitioner did not keep track of the hours her children worked or the services they performed.  We are not persuaded that the expenses paid for the students were bona fide or reasonable compensation relating to the value of services performed by employees.  Petitioners are not entitled to transform inherently personal items for the benefit of their children into business expenses by recharacterizing them as employee fringe benefits.

Regarding expenses identified as her own, petitioner did not explain adequately any business need to be in Florida, where she rented office space in addition to sharing the condominium occupied by her children.  Her attempts to justify substantial travel expenses to and from Florida and Jamaica as marketing to solicit commercial customers are unpersuasive in the absence of details or corroboration.  She did not credibly explain local transportation expenses in the

[*8] Washington, D.C., area, where the income she reported was attributable to the work of four contract employees with whom she claimed to have communicated only by email or telephone monthly. Although she provided no examples or support for specific business contacts, she testified that dry cleaning charges were for her "business attire". Asked about charges for watch batteries at a jewelry store, she stated: "Well, it's for myself to be able to tell time so I can go to certain meetings I had." The unavoidable conclusion is that petitioners were mischaracterizing personal expenses as business expenses.

It is undisputed that petitioners provided only credit card statements, bank statements, and their summaries to the examining agent and to respondent's counsel. Petitioner implied at trial that the underlying receipts, logs, and other supporting information existed but were not produced because of the illness of her son during the five months that this case was set for trial and while the Court's standing pretrial order was outstanding. Petitioners requested a trial on the date of the calendar call, and they did not request or justify a continuance. At the conclusion of the trial, petitioners were told that if they had anything that might establish the time, place, and business purpose of some of the expenses, they could show them to respondent's counsel and seek a stipulation as to them. We have no indication that they attempted to present adequate documentary proof at any time.

**[*9]** We infer that there are no receipts or logs or other documents that would cure the defects in petitioners' proof.

Addition to Tax and Penalty

Under section 7491(c), the Commissioner bears the burden of production with regard to penalties and must come forward with sufficient evidence indicating that it is appropriate to impose the penalty. See Higbee v. Commissioner, 116 T.C. at 446. However, once the Commissioner has met the burden of production, the burden of proof remains with the taxpayer, including the burden of proving that the penalty is inappropriate. See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447.

Petitioners have not claimed reasonable cause or otherwise challenged the section 6651(a)(1) addition to tax for late filing of their 2014 return and have thus conceded that issue. There is no indication of an extension of time for filing, but in any event that return was due no later than October 15, 2015. The date shown next to petitioners' signature on the return is November 17, 2015. This addition to tax will be sustained.

Section 6662(a) and (b)(2) imposes a 20% accuracy-related penalty on any underpayment of Federal income tax attributable to a substantial understatement of income tax. An understatement of income tax is substantial if it exceeds the

**[*10]** greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). The understatement of income tax in this case is substantial.

The section 6662(a) penalty will not be imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1); see also Higbee v. Commissioner, 116 T.C. at 448. The determination of whether a taxpayer acted with reasonable cause is made on a case-by-case basis, taking into account all pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor in determining reasonable cause and good faith is the extent of the taxpayer's effort to assess his or her proper income tax liability. Id.

While petitioner purported to have read and relied on various IRS publications, she ignored section 262(a), section 274(d) requirements of substantiation, and the necessity of maintaining records that would substantiate the nature and business purpose of an expense. The specific publication on which petitioners claim to have relied refers to fringe benefits to employees, not to disguised support for family members. Petitioners presented no evidence or claim that they consulted competent tax professionals. We are not persuaded that they had reasonable cause for the underpayment or reported personal expenses as business expenses in good faith.

**[*11]** To reflect respondent's concession as to the contract labor expenses,

Decision will be entered

under Rule 155.