T.C. Memo. 2018-111

UNITED STATES TAX COURT

DARRELL ARCHER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 10444-16, 12414-16.       Filed July 16, 2018.

Darrell Archer, pro se.

Jason T. Scott and Nicholas R. Rosado, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  In separate statutory notices, respondent determined

deficiencies of $5,422 and $15,803 and section 6662(a) penalties of $1,084.40 and

$3,160.60 in relation to petitioner's Federal income tax for 2013 and 2014,

respectively.  For 2014, respondent also determined that petitioner was liable for a

$692.65 section 6651(a)(1) late-filing addition to tax.  Separate petitions were

**[*2]** filed, but these cases were consolidated for trial, briefing, and opinion. The issues for decision are whether petitioner is entitled to business expense deductions, real estate loss deductions, and charitable contribution deductions for the years in issue, and whether he is liable for the accuracy-related penalties and the late-filing addition to tax. All section references are to the Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Normally we organize our findings of fact chronologically. Because the record is sketchy as to petitioner's activities during 2013 and 2014, our findings as to petitioner's activities, his tax reporting, and the documentation that he produced during the examination and at trial have been combined and organized by subject matter.

Business Activities

Petitioner resided in Vallejo, California, at the time he filed his petitions. During 2013 and 2014 he attempted to sell products online under the name Error Helpers (marketing activity). Because he lacked computer knowledge and did not know how to create web pages and advertise, he relied on help from his son David, who lived in Maine, and his grandson Jake, who lived in Los Angeles.

[*3] However, the business "faded out" in 2014. During 2013 and 2014 he incurred credit card charges for "advertising" on various internet providers.

Petitioner was also engaged in a construction activity in Taft, California, to which he traveled from his home in Vallejo. Petitioner worked for a few people he knew and did not prepare invoices or give any receipts for the amounts that he was paid for the construction work.

Petitioner reported his marketing activity and his construction activity on a single Schedule C, Profit or Loss From Business, for each of 2013 and 2014. He reported total losses of $25,203 for 2013 and $36,172 for 2014. The substantiation petitioner offered in relation to his business expenses included annotated credit card statements on which he circled and totaled most items that he deducted as travel expenses. The credit card statements included charges for obviously personal items and charges attributed to Jacob Archer, Paul Archer, Michael Archer, and Beatrice Archer.

Petitioner did not produce a contemporaneous record of his auto and truck travel. On his handwritten reconstruction he did not segregate expenses for his travel to construction sites in Taft from expenses for "conferences" with "affiliates" in Ecuador, Las Vegas, Canada, Virginia, Maine, and Florida. He reported as expenses related to his construction business meals in Bakersfield,

**[*4]** California, approximately 40 miles from Taft. Deducted items included $1,086.60 for airline tickets purchased April 15, 2013, for roundtrip travel of Jacob David Archer between Bangor, Maine, and San Francisco, California. Petitioner deducted as contract labor expenses for 2013 $7,550 paid to his son David and his grandson Jake. He deducted contract labor expenses of $6,310 for 2014. He deducted office expenses of $3,200 for 2013 and $3,312 for 2014. He deducted legal and professional expenses of $5,000 for 2013 (of which $4,000 was allowed in the statutory notice) and $16,825 for 2014. He deducted advertising expenses of $10,425 for 2013 and $10,314 for 2014. Lesser amounts were deducted for repairs and maintenance, insurance, utilities, and miscellaneous items for each year.

Rental Activities

Petitioner owned several rental properties during 2013 and 2014. He occasionally made trips to conduct maintenance on those properties. Petitioner deducted losses totaling $15,876 on Schedule E, Supplemental Income and Loss, for 2013. Those loss deductions were not disallowed in the statutory notice for 2013. He deducted rental losses of $11,881 on his return for 2014. The loss deductions included expenses incurred for miles driven between his home and the rental properties, but he did not produce a contemporaneous log, a calendar, or

[*5] receipts to substantiate the distance that he estimates he drove. As substantiation for the 2014 rental losses he provided copies of a credit card statement and checkbook ledger entries reflecting payments for real estate taxes and payments to individuals that he did not otherwise identify. The rental loss deduction for 2014 was disallowed in the statutory notice with the explanation that "[s]ince you did not establish that the amount shown was (a) loss, and (b) sustained by you, it is not deductible." In the notice petitioner's adjusted gross income for 2014 was calculated as $97,252.

Charitable Contribution Deductions

On Schedules A, Itemized Deductions, attached to his returns petitioner claimed cash and noncash charitable contribution deductions. For 2013 he reported cash contributions of $5,200 and noncash contributions of $2,650, and for 2014 he reported cash contributions of $5,650 and noncash contributions of $3,749. He did not produce canceled checks or receipts for the cash contributions. For noncash contributions reported for 2014, he produced forms provided by the recipient that he filled out himself, on which he estimated values but did not describe any donated property other than as "bags/boxes" and "large household item(s)", and which were dated in 2013. For 2013 the only adjustment to itemized deductions in the statutory notice was based on changes to petitioner's adjusted

**[*6]** gross income.  For 2014 $9,399 of claimed itemized deductions was disallowed in the statutory notice.

Tax Examination

Petitioner prepared his return for each year without seeking professional help.  As a result of the losses reported on Schedules C and E and the deductions claimed on Schedules A, petitioner reported tax liabilities of zero for 2013 and 2014.  His 2014 return was filed late, on April 27, 2015.  His returns were selected for examination by the Internal Revenue Service (IRS).

The IRS tax specialist examiner (examiner) who conducted the examination of petitioner's returns for 2013 and 2014 proposed imposing the section 6662(a) penalty for each year.  On September 18, 2015, the examiner's then-immediate supervisor approved in writing as alternatives the substantial understatement or negligence penalty for 2013.  The statutory notice for that year was sent February 2, 2016.  On January 21, 2016, the examiner's then-immediate supervisor approved in writing the substantial understatement penalty for 2014.  The statutory notice for that year was sent February 22, 2016.

OPINION

The taxpayer has the burden of proving entitlement to his or her deductions claimed.  See New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934);

[*7] <u>Sparkman v. Commissioner</u>, 509 F.3d 1149, 1159 (9th Cir. 2007), <u>aff'g</u> T.C. Memo. 2005-136; <u>Rockwell v. Commissioner</u>, 512 F.2d 882, 886 (9th Cir. 1975), <u>aff'g</u> T.C. Memo. 1972-133. Taxpayers are required to maintain sufficient records to establish the amount and purpose of any deduction. Sec. 6001; <u>Higbee v. Commissioner</u>, 116 T.C. 438, 440 (2001); sec. 1.6001-1(a), (e), Income Tax Regs. Petitioner has not satisfied the conditions for shifting the burden of proof under section 7491(a) because he failed to maintain required records or to present credible evidence that he was entitled to these deductions. Respondent has the burden of production with respect to penalties and additions to tax. <u>See</u> sec. 7491(c).

<u>Schedule C Expenses</u>

Section 162(a) allows as a deduction "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". An expense is ordinary if it is normal, usual, or customary in the taxpayer's trade or business, and it is necessary if appropriate or helpful for such business. <u>See</u> <u>Deputy v. du Pont</u>, 308 U.S. 488, 495 (1940); <u>see also</u> <u>Lingren v. Commissioner</u>, T.C. Memo. 2016-213. Certain expenses, including travel, meals, entertainment, and vehicle expenses, are subject to the heightened substantiation requirements of section 274(d). The substantiation required is "adequate records

[*8] or by sufficient evidence corroborating the taxpayer's own statement" the amount, time, place, and business purpose of the expense. Sec. 274(d) (flush language). Personal, living, and family expenses are not deductible. Sec. 262(a).

Petitioner did not produce any third-party invoices, canceled checks, or contemporaneous logs to substantiate the business purpose of the amounts reported. He produced no corroborating witnesses. His evidence consisted of annotated copies of credit card statements, a few bank statements, receipts signed by his son, and his own handwritten notes. He testified that he went over his credit card statements and added up charges that he determined were related to his business. He presented no evidence that he was entitled to deduct expenses relating to the use of his home in compliance with section 280A(c)(1) or (2), which provides exceptions to the prohibition of deductions with respect to a taxpayer's residence. He merely asserted that he had deducted two-thirds of the utilities as his estimate for use of the property for business.

Petitioner's testimony and the handwritten and typed notes that were stipulated exhibits are merely his contentions, and his assertions that the large amounts claimed as deductions related to an amorphous business activity are improbable, implausible, and unreliable. The amounts he claimed as deductions were reconstructed estimates, disproportionate in amount to his reported income,

[*9] and questionable as to purpose. We are not required to accept such testimony. See Geiger v. Commissioner, 440 F.2d 688, 689-690 (9th Cir. 1971), aff'g T.C. Memo. 1969-159; Shea v. Commissioner, 112 T.C. 183, 189 (1999). "A taxpayer's general statement that his or her expenses were incurred in pursuit of a trade or business is not sufficient to establish that the expenses had a reasonably direct relationship to any such trade or business." Hopkins v. Commissioner, T.C. Memo. 2005-49, slip op. at 16.

Petitioner argues in posttrial filings that the examination and counsel's trial preparation failed to solicit the information necessary for him to establish that expenses were incurred for business purposes, but presenting proof was petitioner's burden. He received adequate notice of what was disputed. His testimony and his brief emphasize his subjective belief that "every deduction that I made I believed to be an absolute legitimate deduction. A deduction that I deserved and should take". Such testimony does not carry his burden. See Geiger v. Commissioner, 440 F.2d at 690.

Petitioner did not keep track of the hours his son or grandson worked or the services they performed. Where a family relationship is involved, close scrutiny is applied to determine whether payments to or on behalf of a taxpayer's children are on account of an employment relationship or the family relationship and whether

[*10] the amounts paid are reasonable for the work performed. Denman v. Commissioner, 48 T.C. 439 (1967); see Haeder v. Commissioner, T.C. Memo. 2001-7; Jenkins v. Commissioner, T.C. Memo. 1988-292, aff'd without published opinion, 880 F.2d 414 (6th Cir. 1989). We have no basis for finding the reasonable value of services allegedly performed by petitioner's son and his grandson or to distinguish compensation for services from personal or family expenses.

Regarding various travel expenses included as business expenses, petitioner did not explain adequately any business need to be in Ecuador, Las Vegas, Canada, Virginia, Maine, or Florida. He testified that he was participating in discussions and sharing information with "affiliates" at various conferences, but the general claims are unpersuasive in the absence of details or corroboration. He failed to satisfy any of the heightened substantiation requirements of section 274(d) with respect to vehicle expenses, travel expenses, and meals and entertainment.

As to expenses to which section 274(d) does not apply, where a taxpayer establishes that he incurred a deductible expense but is unable to substantiate the precise amount, we may, bearing heavily against the taxpayer who has failed to maintain records, approximate the amount of the expense. See Cohan v.

[*11] Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  However, we must have sufficient evidence upon which to make a reasonable estimate to apply the Cohan rule.  See Sparkman v. Commissioner, 509 F.3d at 1160; Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  We do not have adequate evidence in these cases to make a reasonable approximation as to most of petitioner's disputed deductions, which include large amounts for contract labor, office expenses (including a home office), and legal and professional expenses.  Petitioner did not testify about or otherwise explain the reason for the legal and professional expenses that he deducted, and there is no evidence on which we could base a finding or conclusion as to whether they related to his business or were personal in nature and not deductible.  See generally United States v. Gilmore, 372 U.S. 39 (1963).  Although portions of the amounts reported were allowed for 2013, that fact does not either support a greater allowance for that year or provide support for the amounts claimed for 2014.  Failure to raise an issue for one tax year does not preclude or affect the correct determination of that issue for another year.  See, e.g., Tollefsen v. Commissioner, 52 T.C. 671, 681 (1969), aff'd, 431 F.2d 511 (2d Cir. 1970).

Petitioner presented checkbook ledger entries to support deductions for insurance.  Those records do not disclose whether the insurance was personal or

[*12] business related. If the payments were for auto insurance, then to the extent that petitioner claimed deductions based on standard mileage amounts he is not entitled to add actual expenses. See Nash v. Commissioner, 60 T.C. 503, 520 (1973); Kavuma v. Commissioner, T.C. Memo. 2016-101, at *18-*19; sec. 1.274-5(j)(2), Income Tax Regs. He presented no evidence of business use of the vehicles as a percentage of total use, so we have no way of allocating vehicle expenses even if any of them had been adequately substantiated.

Petitioner testified about advertising expenses incurred in attempting to establish an internet presence for his marketing business. He presented corroborating bank charges for February and March 2013. He presented credit card statements for similar items for 2014. On the basis of petitioner's testimony and the corroborating documents, we conclude that petitioner is entitled to deduct $10,000 for 2013 and $10,000 for 2014 for advertising expenses. Otherwise, petitioner has failed to satisfy his burden of proof with respect to the disallowed Schedule C deductions.

Rental Activity Losses

Respondent argues in his pretrial memorandum and in his opening brief that petitioner is not entitled to deduct the rental losses for 2014 to the extent they exceed $25,000 because of the passive activity limitations of section 469. See sec.

**[*13]** 469(i). Nothing in the record, however, suggests that the loss deductions claimed exceeded $25,000, or that any overall limitation was the reason for disallowance. We see no reason, therefore, to discuss further the complex provisions of section 469. We interpret respondent's arguments as a concession as to any substantiated expenses totaling less than $25,000. In his reply brief respondent argues that petitioner failed to substantiate his rental losses and seeks to impose additional obligations on petitioner not addressed in respondent's pretrial memorandum, at trial, or on opening brief. We disregard those belated contentions.

Petitioner testified that he sustained losses from rental activities in 2014 similar to those that he reported for 2013. The Schedule E for 2014, however, was not found in the stipulated exhibits, a gap attributable equally to each party. Petitioner's testimony and the minimal check records were sufficient to establish that he made multiple trips to perform regular repairs and maintenance on the properties and that he paid property taxes on them. The expenses incurred for trips were not substantiated in accordance with section 274(d). Although it appears that petitioner purchased tools, it is unclear whether the tools were for his construction activity and deducted on Schedule C or for repairs of his rental property and deducted on Schedule E, or perhaps on both. Using our best

**[\*14]** judgment based on petitioner's testimony and the real estate tax bills and other corroborating evidence, and bearing heavily against petitioner because he failed to maintain adequate records, we conclude that he is entitled to deduct rental activity losses of $5,000 for 2014.

Charitable Contributions

For cash contributions a taxpayer must retain canceled checks, receipts from the donee organizations showing the dates and amounts of the contributions, or other reliable written records showing the names of the donees, dates, and amounts of the contributions. See sec. 1.170A-13(a)(1), Income Tax Regs.

Under section 1.170A-13(b)(1), Income Tax Regs., a taxpayer must maintain for each noncash contribution a receipt from the donee organization unless doing so is impractical. The donee receipt must show: (1) the name of the donee organization, (2) the date and location of the contribution, and (3) a description of the property in detail reasonably sufficient under the circumstances. Id.

A taxpayer who lacks a donee receipt is required to keep reliable written records including, among other things: (1) the name and address of the donee organization to which the contribution was made, (2) the date and location of the contribution, (3) a description of the property in detail reasonable under the

**[\*15]** circumstances (including the value of the property), and (4) the fair market value of the property at the time the contribution was made and the method used to determine the fair market value. Id. subpara. (2)(ii); see also Van Dusen v. Commissioner, 136 T.C. 515, 532 (2011). Further, no deduction is allowed for "any contribution of clothing or a household item" unless such property is "in good used condition or better." Sec. 170(f)(16)(A).

Petitioner failed to present evidence that satisfied the requirements of law for deductions of charitable contributions. He claimed that each donation was less than $250 and asserted his understanding that he did not need receipts for those. His understanding is contrary to the rules cited above. His general testimony as to what goods were donated and the generalized listing on Schedule A of his 2014 return are not supported by any written record and are improbable and implausible as to the amounts and values claimed. He is not entitled to any deductions for charitable contributions.

Section 6662(a) Accuracy-Related Penalties

Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty on any underpayment of Federal income tax which is attributable to negligence or disregard of rules or regulations or a substantial understatement of income tax. Negligence includes failure to keep adequate books and records or to substantiate

**[*16]** items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. An understatement of income tax is substantial if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

Section 6662(c) defines negligence as including any failure to make a reasonable attempt to comply with the provisions of the Code and defines disregard as any careless, reckless, or intentional disregard. See sec. 1.6662-3(b)(1) and (2), Income Tax Regs. Negligence is the lack of due care or the failure to do what a reasonable and prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Disregard of rules or regulations is careless if the taxpayer does not exercise reasonable diligence to determine the correctness of a return position that is contrary to the rule or regulation. Sec. 1.6662-3(b)(2), Income Tax Regs.

Under section 7491(c), the Commissioner bears the burden of production with regard to penalties and must come forward with sufficient evidence indicating that it is appropriate to impose penalties. See Higbee v. Commissioner, 116 T.C. at 446.

Petitioner failed to maintain records adequately substantiating the expenses underlying his claimed deductions. He reported no tax liabilities on his returns. The understatement of income tax for each year as a result of our holdings is

[*17] substantial as defined in section 6662(d)(1)(A).  It is appropriate to impose a penalty for each year, subject to the discussion below.

Respondent's burden also includes a showing under section 6751(b) that the penalties determined in the statutory notices were properly approved by a supervisor.  Graev v. Commissioner (Graev III), 149 T.C. __ (Dec. 20, 2017), supplementing and overruling in part Graev v. Commissioner (Graev II), 147 T.C. 460 (2016).  Trial of these cases was held on September 18, 2017.  Respondent's opening brief was filed November 29, 2017.  As of that time, this Court had held in Graev II that the question of whether a penalty was properly approved under section 6751(b) was premature in a deficiency case, because the penalty was not yet assessed.

In Graev III we overruled and supplemented Graev II, and we accepted the holding of the Court of Appeals for the Second Circuit in Chai v. Commissioner, 851 F.3d 190, 221 (2d Cir. 2017), aff'g in part, rev'g in part T.C. Memo. 2015-42, that section 6751(b) "requires written approval of the initial penalty determination no later than the date the IRS issues the notice of deficiency (or files an answer or amended answer) asserting such penalty."

**[*18]** Petitioner's brief was filed February 12, 2018. Although he challenged the applicability of the section 6662(a) penalty, he did not mention section 6751(b), which is not surprising in view of the long period in which lawyers and the Court had not addressed that section. On February 13, 2018, the Court ordered respondent to file a reply brief addressing the effect of section 6751(b) in these cases and to file any appropriate motion by the same date.

On March 16, 2018, respondent filed a motion to reopen the record so that respondent could submit evidence of supervisory approval for the determined penalties. The motion was accompanied by a declaration of the examiner who conducted the examination of petitioner's 2013 and 2014 returns. A Penalty Approval Form for each year was attached to the declaration. Petitioner objected to respondent's motion and requested the right to examine the declarant concerning compliance with section 6751(b). Petitioner was permitted "to serve on respondent interrogatories consistent with Rule 71, Tax Court Rules of Practice and Procedure, which will be single, definite questions (see Pleier v. Commissioner, 92 T.C. 499 (1989))" directed to the contents of the declaration supporting respondent's motion to reopen the record. Disregarding our order, petitioner submitted untimely requests for admissions concerning matters other than the existence of supervisory approval. Petitioner also submitted

[*19] interrogatories that purported to require respondent to prepare a narrative of respondent's position and the analysis of issues that was already contained in respondent's pretrial memoranda and in respondent's opening and reply briefs.

Petitioner challenges the process of examination and other matters occurring before the statutory notices were sent. Except with regard to supervisory approval of penalties as specified in section 6751(b), we have consistently held that such inquiries are inappropriate. Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327-328 (1974) (explaining that a trial before the Court is a proceeding de novo, and our redeterminations of a taxpayer's tax liabilities are based on the merits and not on matters occurring before the notices of deficiency were sent); see, e.g., Whittington v. Commissioner, T.C. Memo. 2015-152, aff'd, 698 F. App'x 515 (9th Cir. 2017). Petitioner's interrogatories were not consistent with the Court's order or with Pleier. Petitioner thus squandered the opportunity provided to him and failed to present a valid objection to respondent's motion.

Exercising our discretion to favor a determination of the penalties on the merits of these cases, we granted respondent's motion and have included in our findings that the required supervisory approval was obtained.

Once the Commissioner has met the burden of production, the taxpayer must come forward with persuasive evidence that the penalty is inappropriate

[*20] because, for example, he or she acted with reasonable cause and in good faith. Sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 448-449. The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all of the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor in determining reasonable cause and good faith is the extent of the taxpayer's effort to assess his or her proper income tax liability. Id.

Petitioner did not consult a tax professional when he added up amounts shown on his credit card statements and deducted any item that indicated travel without complying with section 274(d), deducted payments to his son and his grandson without determining reasonable compensation or documenting the business purpose of payments that appear personal, deducted charitable contributions without complying with section 170, and estimated deductions by reconstruction rather than reliable records. He did not exercise reasonable diligence and has not shown reasonable cause. Petitioner is liable for the section 6662(a) penalties.

Section 6651(a) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for late filing of a return. The addition to tax determined for 2014 under section 6651(a) applies absent a

**[\*21]** showing by petitioner of reasonable cause and a lack of willful neglect. See Higbee v. Commissioner, 116 T.C. at 446-447.

Petitioner's 2014 return was received by the IRS on April 27, 2015. Petitioner does not assert that the return was timely mailed, and he did not testify to the circumstances and timing of preparation of that return. He acknowledges in his brief that the return was due April 15, 2015, and was filed April 27, 2015, and he does not contend that he applied for an extension. He merely argues that "he exercises ordinary business care and prudence that renders him unable to file a timely return" and that he establishes reasonable cause because the return showed no tax due. Petitioner is wrong. Petitioner failed to show reasonable cause excusing the late filing. The addition to tax will be sustained.

We have considered the arguments of the parties, including petitioner's misguided due process arguments, that are not discussed in this opinion. Those arguments are irrelevant or lack merit under the facts in these cases. To reflect the deductions that we have allowed,

Decisions will be entered

under Rule 155.